### J. B. M. Kehlor v. William Wilton.

1. HARMLESS ERROR—*When Overruling a Demurrer Is.*—Errone-ously overruling a demurrer to a replication, where the verdict is subsequently for the plaintiff, is harmless error.

2. STATUTE OF FRAUDS—*A Contract Not Amenable To.*—A writing in the form of a ·letter signed by an agent of the vendor and addressed to the vendee, as follows—

"Have this day sold you all old brick and stone in old mill, cooper shop, elevator, and office, for the sum of $100, reserving warehouse, smoke stack and foundation, engine bed and bed plates, railroad iron, ties and everything pertaining to railroad, and old shed north of ware-house"—

reduced to writing in the presence of the parties, delivered to the vendee and accepted by him, is a contract of sale, not amenable to a plea of the statute of frauds.

3. Evidence—*Admissibility, Where There is Dispute as to Whether the Contract Under Consideration was in Writing or by Parol.*—Parol evidence is not admissible to vary the terms of a written contract, but where the party offering the evidence insists that the contract under consideration was not in writing, the evidence is *prima facie* admissible, subject to exclusion if the opposite party is succcessful in proving that the contract was in writing.

4. Verdicts—*Not to be Sustained When Against the Weight of the Evidence.*—A verdict against the weight of the evidence can not be sustained.

Assumpsit, for goods sold, etc.   Appeal from the Circuit Court of Montgomery County; the Hon. Truman E. Ames, Judge, presiding. Heard in this court at the May term, 1901.   Reversed and remanded. Opinion filed September 11, 1901.   Rehearing denied November 20, 1901.

Miller & Miller, attorneys for appellants.

Zink, Jett & Kinder, attorneys for appellee.

Mr. Justice Wright delivered the opinion of the court.

This action was assumpsit by appellee against appellant. The declaration charges, in the first count, the sale by defendant to plaintiff of scales for $100, the consideration having been paid, whereof the title to such scales failed; the second count avers the sale of a building by defendant to plaintiff for $150, to be delivered within a reasonable time, and to be paid for when delivered, and that defendant refused to deliver the same; the third count is like the second, except the defendant was to procure the building to be delivered, and to all of these was added the consolidated common counts.   The general issue was filed to the declaration, and separate special pleas of the statute of frauds were interposed to the first, second and third counts.   Replications were filed to the third and fourth pleas, in which it was in substance stated that the building was sold without the land and was to be severed with right to plaintiff to remove the same as personal property.   The court sustained a demurrer to the first and second replications, and defendant abided by his demurrer.   Whereupon the remaining

issues were tried by a jury, and were found for the plaintiff, and his damages assessed at $500, and after overruling appellant's motion for a new trial, the court gave judgment against him for the damages so assessed and costs, to reverse which he brings his appeal to this court and assigns and argues various errors upon the record, by which he seeks to accomplish such reversal.

It is first argued the court erred in sustaining the demurrer to the plea of the statute of frauds that was interposed to the first count of the declaration, in reference to the sale of the scales, and also in overruling the demurrer to the first and second replications.

Regarding the plea of the statute of frauds, to the alleged contract of sale of the scales, it appears from the evidence that the scales belonged to Nelson, a former tenant of appellant, and were personal property and not real estate, and hence the statute of frauds was not applicable to such property. It was error for the court to sustain the demurrer at the time such order was entered, but subsequent proceedings developed that appellant was not harmed by that order of the court, and hence the error is unavailing in this court. If it was error for the court to overrule the demurrer to the replications, in the view we have of the case, to be hereafter stated, such error was harmless too, and did not prejudicially affect the rights of appellant. It is the familiar rule of practice in this court that harmless errors will be disregarded.                •

It is further argued by appellant that the verdict of the jury is contrary to the law and the evidence of the case; the court admitted improper evidence upon the trial, and erred in overruling appellant's motion for a new trial.

In respect to the issue formed upon the first count of the declaration relative to the sale of the scales, it was objected by appellant upon the trial, that parol evidence was inadmissible because, as he then insisted, the contract was in writing. Appellee in his declaration, however, and in the introduction of his evidence upon the trial, claimed the contract was oral, and upon this theory the evidence was *prima*

Kehlor v. Wilton.

*facie* admissible, subject to exclusion if appellant could successfully prove the contract was in writing. The oral evidence concerning the sale of the scales by appellant to appellee was conflicting. Appellant's mill at Litchfield had been wrecked by an explosion, and appellee purchased the old brick and stone in old mill, cooper shop, elevator and office for $100, which he paid to appellant for the same. Appellee claimed the scales, which were upon a foundation in the usual manner of such structures, were included in this sale, while appellant maintained the opposite, and the proof showed the scales in fact belonged to Nelson, a former tenant of appellant, who later sold the same to appellee for thirty-five dollars. Whatever the merits of this controversy might be, if they were to be determined upon the oral proof, it is unnecessary for us to decide. Appellee produced and introduced upon the trial a written contract of sale dated May 5, 1899, signed by appellant and addressed to appellee, in the form of a letter, as follows:

"Have this day sold you all old brick and stone in old mill, cooper shop, elevator and office for the sum of $100, reserving warehouse, smoke stack and foundation, engine bed and bed plates, railroad irons, ties and everything pertaining to railroad, and old shed north of warehouse."

This instrument was written by Carr, appellant's agent, at Wood's office in Litchfield, in the presence of appellee, who testified that Carr wrote it while he sat there, and read it before it was given to him, and that the exceptions or reservations were put in at his, appellee's, suggestion. It is therefore conclusive the contract was reduced to writing in the presence of the parties and given or delivered to appellee and accepted by him. The case, therefore, as regards the scales, is to be decided upon the terms of the written contract. There is no ambiguity about this contract. It is a contract of sale, for $100, of all the old brick and stone in old mill, cooper shop, elevator and office. Nothing is said about the scales, and it would be hard to say they were included in the description of old brick and stone. They clearly were not. That they were not included in the exceptions or reservation clause is unimpor-

tant. Many other things were not included in that, that did not pass with the contract. The contract of sale was complete without this clause, and it was merely added at the suggestion of appellee. The verdict of the jury is clearly against the evidence relative to the sale of the scales. So far as the verdict includes damages for the sale of the warehouse to appellee, we think it also against the evidence. Appellant was negotiating with Bartling about the warehouse at the time he sold the old brick and stone to appellee, and appellee's first proposition was $350, including the warehouse, but this was not accepted by appellant. Appellee insists, however, that Carr, the agent of appellant, promised him that if he did not lease the warehouse to Bartling he should have it for $250, and that Carr had given Bartling the refusal until the Thursday following. Carr sold the warehouse to Bartling for $350, subject to the approval of appellant, insisting that he had no authority to sell without such approval. Carr denied that he had made such promise to appellee conditioned only upon leasing to Bartling, but testified that such condition was that if he did not deal or trade with Bartling, and in this we think he is supported by the weight of the evidence and the undisputed facts and circumstances. There is no doubt from the evidence that Carr used the word lease in his talk with appellee, because his negotiation with Bartling was at that time tentative, but it is difficult to consider the whole evidence in the case without reaching the conclusion that Carr named to appellee the substance of his prospective dealing with Bartling, including the proposed sale as well, and this we think was at the time well understood by the parties. This branch of the case turns upon a very sharp pivot—whether Carr used the word lease alone, or in connection with trade or deal. We believe upon the whole evidence his meaning was clear, that if he did not trade with Bartling, appellee could have the warehouse at his first proposition. He did trade with Bartling, sold the warehouse to him for $350 within the time limited, and this sale was approved by appellant, and the money accepted.

For the reasons given the judgment of the Circuit Court
will be reversed and the cause remanded for further pro-
ceedings not inconsistent with the views herein expressed.
Reversed and remanded.